[No. 39313.    Department One.    December 7, 1967.]

THE STATE OF WASHINGTON, on the Relation of Lloyd M. Gunstone et al., Respondents, v. STATE HIGHWAY COMMISSION et al., Appellants.*

*The Attorney General* and *John J. Champagne, Assistant,* for appellants.

*Parr, Baker, Alexander & Cordes* and *Clifford F. Cordes, Jr.,* for respondents.

PER CURIAM.—Certain property owners who object to the location of an access road as proposed by the State, and insist that an alternate route is preferable, presented their views at a hearing before the State Highway Commission as provided by RCW 47.52.133. The Commission's decision being adverse to them, they invoked the procedure provided by the Administrative Procedure Act (RCW 34.04) to secure a judicial review of the decision of the Commission.

*Reported in 434 P.2d 734.

The superior court, reviewing the action of the Commission, could have done one of three things: (1) affirmed the decision of the State Highway Commission; (2) remanded the case to the State Highway Commission for further consideration; (3) reversed the decision of the State Highway Commission; RCW 34.04.130 (6).[1] However, its authority to reverse was, and is, limited by that statute to those situations where substantial rights of petitioners may have been prejudiced for any one of the six reasons designated in the statute (see footnote 1).

The trial court remanded the case to the State Highway Commission for further consideration.

■ Instead of giving the matter further consideration, the State Highway Commission chose to appeal. The appeal is based on the erroneous assumption that to justify a remand for further consideration, the petitioners had to establish that their rights had been prejudiced in one of the six ways designated in the statute. That statute cannot properly be so interpreted. The six grounds—((a) through (f)) which constitute the basis for a reversal—have nothing to do with a remand for further consideration.

■ The provision for such a remand would seem to be intended as a safety valve, permitting the reviewing court to require a second look at situations and conditions which might not warrant a reversal, but which, to the court reviewing the record, would indicate to it that the State Highway Commission may have acted on incomplete or

---

[1]"The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(a) in violation of constitutional provisions; or

"(b) in excess of the statutory authority or jurisdiction of the agency; or

"(c) made upon unlawful procedure; or

"(d) affected by other error of law; or

"(e) unsupported by material and substantial evidence in view of the entire record as submitted; or

"(f) arbitrary or capricious. [1959 c 234 § 13.]" (RCW 34.04.130(6))

inadequate information; or may have failed to give adequate consideration to an alternate route; or may have weighted its evaluation of the matter under consideration with the theory of the complete infallibility of its own engineers.

A remand for further consideration is not a determination that the State Highway Commission is wrong; but it is an indication that the disinterested court, which has reviewed the record, is not satisfied on the basis of that record that the State Highway Commission is right.

The present situation offers an excellent example of why a reviewing court might be dissatisfied. The petitioners offer a right of way without cost for their proposed alternate access route. The opinion of the state's engineers is that the additional construction costs on the proposed alternate route will exceed the construction costs on the approved route by more than the condemnation costs which will be necessary to acquire the approved route. The state's engineers may be right, but if they have any idea as to what the condemnation costs would be, it is not apparent from the record. If cost is any factor in the choice of routes, the evidence is far from substantial in support of the Commission's position on the present record; nor is it any more substantial on the basis of the convenience of those for whom the new route is being created.

The problem, as we understand it, is to get the traffic on the present frontage road from Point A (where it presently gains access to the freeway, or gets across it at a grade crossing which is to be eliminated) to Point B (the Maytown Interchange where that traffic can secure access to the freeway or get across it).

The distance from Point A to Point B is approximately 11,400 feet by the state's approved route, and approximately 6,200 feet by the petitioners' proposed alternate route. There is no explanation in the present record as to whether this has been considered and, if so, why a difference of 2 miles on every round trip by those using the frontage road has no materiality.

Without further elaboration, we are satisfied that the record presented was far from conclusive as to whether adequate consideration had been given to the alternate route. The trial court was entirely within its statutory authority in remanding the case to the State Highway Commission for further consideration. The order of remand appealed from is affirmed.