[No. 40964. En Banc. December 11, 1969.]

HAROLD D. AULT et al., Appellants, v. WASHINGTON STATE HIGHWAY COMMISSION, Respondent.*

*Murray E. Taggart*, for appellants.

*The Attorney General* and *Joseph B. Loonam, Assistant*, for respondent.

HILL, J.—This is an appeal from the judgment of the Superior Court for Walla Walla County affirming the findings and order of the State Highway Commission establishing a highway plan for State Route 12 from the west corporate limits of the city of Walla Walla to the East Airport Interchange in that city.

The plan was established after a public hearing (May 7, 1968) at which extensive testimony was taken supporting and opposing the proposed highway plan submitted by the Highway Department. The appellants opposed this route and proposed an alternative.

June 17, 1968, the State Highway Commission issued its findings and order in accordance with the provisions of RCW 47.52.137.[1] They adopted the Highway Department's

*Reported in 462 P.2d 546.

[1] RCW 47.52.137: "Following the conclusion of such hearing the authority shall adopt a plan with such modifications, if any, it deems

plan, with certain modifications, and set forth the reasons for not adopting the alternative proposed by the appellants.

Appellants then sought and secured a review of the Highway Commission decision and order by the Superior Court for Walla Walla County pursuant to the Administrative Procedure Act (RCW 34.04). That court refused to allow testimony by witnesses for the appellants and limited itself to a review of the hearing record. As indicated in the opening paragraph of this opinion, it affirmed the findings and order of the State Highway Commission.

Appellants challenge the superior court's refusal to allow appellants to supplement the hearing record, and its finding that the State Highway Commission's determination was not in violation of RCW 34.04.130 (6).[2]

■ The legislative intent to limit judicial review to the record made before the Highway Commission is shown by the provision which authorizes appeals from the determination of the State Highway Commission, *i.e.*:

An abutting property owner may petition for review in the superior court of the state of Washington in the county where the limited access facility is to be located. Such review and any appeal therefrom shall be *considered and determined by said court upon the record of the authority* in the manner, under the conditions and subject to the limitations and with the effect specified in the Administrative Procedure Act, chapter 34.04 RCW, as amended.

(Italics ours.) RCW 47.52.195.

---

proper and necessary. Its findings and order shall be in writing and copies thereof shall be served by United States mail upon all persons having entered a written appearance at such hearing, and in the case of a state limited access facility, the county commissioners of the county affected and the mayor of the city or town affected. The authority shall also cause a resume of such plan to be published once each week for two weeks in one or more newspapers of general circulation within such county, city or town beginning not less than ten days after the mailing of such findings and order. Such determination by the authority shall become final within thirty days after such mailing unless a review is taken as hereinafter provided. In case of an appeal, the order shall be final as to all parties not appealing."

[2]This section is set forth on page 386 of this opinion.

The Administrative Procedure Act further emphasizes this intent with the following provision:

> The review [of the commission's decision] shall be conducted by the court without a jury and *shall be confined to the record,* except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court. The court shall, upon request, hear oral argument and receive written briefs.

(Italics ours.) RCW 34.04.130 (5). These provisions follow the general rule that the review of the order or decision of an administrative tribunal must be heard on, and limited to, the record before the agency, as prepared and certified by the agency. 73 C.J.S. *Public Administrative Bodies and Procedures* § 203 (1951).

A similar provision was so construed in *State ex rel. Pac. N.W. Bell Tel. Co. v. Washington Util. & Transp. Comm'n,* 66 Wn.2d 411, 403 P.2d 73 (1965). In *Insurance Co. of N. America v. Kueckelhan,* 70 Wn.2d 822, 425 P.2d 669 (1967), we affirmed a superior court's decision to exclude evidence *de hors* the record which had been offered to demonstrate the arbitrary and capricious nature of a decision by the Insurance Commissioner, even though the statute there allowed "additional proper evidence." In that case, Justice Hamilton speaking for the court said, at 835:

> Under these circumstances we do not conceive the legislature intended that the superior court, in the ordinary case, would go outside the record before it and delve into the merits of the issue debated before the Insurance Commissioner. In our view, the "additional proper evidence" which the legislature had in mind would necessarily be confined to evidence bearing upon and relevant to alleged irregularities occurring in the course of the Commissioner's proceedings, or, in cases where the Commissioner refused to grant a hearing, to evidence relevant to the necessity for a hearing. Otherwise, the superior court would become a tribunal of original rather than appellate jurisdiction, and the expertise of the Insurance Commissioner in the field of insurance would be squandered.

That was a 5-4 decision, but the dissent in no way disa-

greed with the quoted statement. Here, as there, appellants were afforded a full opportunity to offer their evidence before the Commission.

The statute here in question does allow additional evidence when alleged irregularities in the procedure before the "agency" are not shown in the record. However, appellants make no claim that such irregularities existed and are merely asserting that the record is incomplete.[3] The trial court properly excluded the testimony not offered at the hearing before the Highway Commission.

Appellants claim that the decision of the Highway Commission should be reversed (*see State ex rel. Gunstone v. State Highway Comm'n,* 72 Wn.2d 673, 434 P.2d 734 (1967)) because it violates RCW 34.04.130(6), which reads:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (a) in violation of constitutional provisions; or
>
> (b) in excess of the statutory authority or jurisdiction of the agency; or
>
> (c) made upon unlawful procedure; or
>
> (d) affected by other error of law; or
>
> (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
>
> (f) arbitrary or capricious.

Subsection (e) was amended by the 1967 legislature, and prior to that amendment had read: "(e) unsupported by material and substantial evidence in view of the entire record as submitted; or." The hearing by the State High-

---

[3] "Mr. Taggart: In answer to the question of irregularities in the sense of fraud or something of that nature, I would state there is no fraud in the record, and I would still make a tender or offer to supplement the record with oral testimony, in other words, where it is incomplete, and I have present in court witnesses for that purpose." Statement of facts, p. 4.

way Commission was held May 7, 1968, and the order was issued on June 17, 1968. The amended statute was clearly applicable. Counsel for both parties, apparently overlooking the 1967 amendment, argued vigorously that the findings of the Highway Commission were, or were not, supported by material and substantial evidence. The test that should have been applied was less rigorous, *i.e.*, were the Highway Commission's findings, inferences, conclusions or decisions clearly erroneous. We hasten to say that by either standard the findings and decisions of the Highway Commission can be sustained; they are not clearly erroneous, and they are supported by material and substantial evidence. Indeed the public authorities including the Walla Walla County Engineer, the Director of the Regional Planning Commission, the Public Works Director of the City of Walla Walla, the Mayor, and the Chairman of the Board of Park Commissioners (among others) were favorable to the route proposed by the Highway Department in preference to the alternative route proposed by the appellants. The record shows numerous changes and accommodations made in the preparation of the plan finally adopted by the Highway Commission to conform to the suggestions and requests of local planning agencies.

We do not see how on the record before it the superior court could have made any other findings or entered any other decision than it did.

The judgment appealed from is affirmed.

ALL CONCUR.