## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## HIGHWAY AND LOCAL MOTOR FREIGHT EMPLOYEES, LOCAL UNION NO. 667, Respondent.

### No. 80–1309.

United States Court of Appeals, Sixth Circuit.

July 20, 1981.

---

Elliott Moore, Deputy Associate Gen. Counsel, Robert Tendrich, N.L.R.B., Washington, D. C., Raymond A. Jacobson, Director Region 26, N.L.R.B., Memphis, Tenn., for petitioner.

Howard R. Paul, Paul, Koelz & Wilson, Memphis, Tenn., G. William Baab, Mullinax, Wells, Baab, Cloutman, Dallas, Tex., for respondent.

Before WEICK, LIVELY and JONES, Circuit Judges.

### ORDER

The National Labor Relations Board (Board) seeks enforcement of its order which requires Teamsters Local 667 to cease and desist from requiring part-time employees (casual employees) to pay a referral fee when the union does not offer any real referral services and which requires the Local to reimburse the part-time employees for any amounts paid as referral fees after August 22, 1978. The Board determined that the Local violated Sections 8(b)(2) and 8(b)(1)(A) of the Act by charging these fees.

The union and the Memphis area trucking companies are parties to a collective bargaining agreement which provides for either an agency shop or a union shop which would require the casual employees to join the union. In Tennessee the casual employees do not need to join the union because Tennessee is a right-to-work state. Casual employees who do not join the union are not required to pay dues, initiation fees, or assessments. However, they cannot file grievances and do not get the same fringe benefits as full-time employees.

The collective bargaining agreement also provides that the union is the sole source for referrals when an employer needs employees, and states that the employer shall not hire employees unless they are referred by the union. In January 1978, the new president of the union decided to open a referral hall and enforce that portion of the bargaining agreement.

The union officials charged the nonmember casual employees one dollar a month less than union dues for the referral services although they had no idea what the referral hall would cost. The referral service had one clerical employee. She made up two sets of referral lists: one for the casual employees who worked for a specific employer (regular casual employees) and one for employees who would work for any employer on a part-time basis (miscellaneous casual employees). Each type of employee had to pay the referral fee each month to stay on the list. The union did not check to see if the employees were hired, nor did it keep records of the number of referrals. However, it did keep records of the employees who paid the referral fees and it circulated this list to the employers.

The employers did not call the hall for referrals, but contacted the employees directly. In December 1978, the lists of miscellaneous employees were sent directly to the employers by the union; the employers did not call the referral hall for referrals for miscellaneous employees.

On February 22, 1979, a casual employee filed an unfair labor practice charge with the Board. The union discontinued its referral hall several weeks later.

The ALJ determined that the referral fees were excessive and unreasonable, but rejected the General Counsel's contention that the union did not actually operate a

referral hall and did not provide any referral service.

The General Counsel filed exceptions to the ALJ's decision before the Board. The Board concluded that the General Counsel's exceptions were persuasive and found that the union did not operate a bona fide referral hall. It ordered the union to refund all the referral fees it had collected from the casual employees and ordered it to cease and desist from its unfair labor practices.

In this appeal, the union contends that the pleadings before the Board never raised the issue of whether the referral service was bona fide, and that there was a failure of proof on this issue. We disagree. The union places undue emphasis on the ALJ's statement that: "The only issue in this case is whether or not the fee imposed was unreasonable in amount" and ignores the ALJ's formulation of the General Counsel's position that "no fee is reasonable because Respondent operated no referral hall and performed no service warranting any fee." In addition, at the beginning of the hearing the General Counsel explained that it was his position that there was not a bona fide

referral service. The union was sufficiently on notice and the issue was fully litigated at the hearing.

The evidence is more than ample to support the Board's conclusion that there was not a bona fide referral service operated by the union. The union did not receive calls from employers for referrals, nor did it assist employees in being placed in part-time positions with employers. It merely collected the referral fees from the nonmember casual employees; the union's interest in these employees did not go beyond the referral fees they paid.

The order of the National Labor Relations Board is ordered ENFORCED.