51 Wn. App. 893 (1988)
756 P.2d 143
MARY KAY McDANIEL, Appellant,
v.
THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, Respondent.
No. 8279-2-III.
The Court of Appeals of Washington, Division Three.
April 26, 1988.
*894 Kenneth L. Isserlis of Spokane Legal Services Center, for appellant.
Kenneth O. Eikenberry, Attorney General, and Maureen McGuire, Assistant, for respondent.
GREEN, J.
During the period February 1983 through February 1984, Mary Kay McDaniel and her three minor children received aid to families with dependent children, medical assistance and food stamp benefits based upon a 4-person household. Mrs. McDaniel and her children resided at S. 1325 Pittsburg during this time. She and the children's father, Ben McDaniel, also known as B.J. McMichael, separated in 1981 and were divorced in 1986. In 1984 the Department of Social and Health Services (DSHS) learned Mr. McDaniel was possibly residing at the Pittsburg residence. DSHS informed Mrs. McDaniel by letter that her husband's presence in the household made her ineligible for the programs. On August 15, 1985, DSHS determined Mrs. McDaniel had received an overpayment of $9,752.49.
Mrs. McDaniel appealed the determination and on March 13, 1986, an administrative hearing was held. There, DSHS, solely by use of documentation, sought to establish that Mr. McDaniel resided with his family at the Pittsburg address. DSHS offered evidence that Mr. McDaniel used the address as his own in various facets of everyday life, including credit applications, bank statements and auto registration. DSHS offered documents to contradict Mr. *895 McDaniel's written denial that he resided at the residence.[1] A statement of the postal carrier who delivered mail to the Pittsburg address was also introduced. The carrier stated that throughout the period in issue he delivered mail in the names of McMichael and McDaniel to the residence, and that a man was routinely there.[2] Mrs. McDaniel testified that only she and her children lived at the Pittsburg address during the period February 1983 through February 1984.
The Administrative Law Judge (ALJ) found that Mr. McDaniel lived with his family at the Pittsburg residence. The ALJ entered a finding that Mrs. McDaniel was not a credible witness and her testimony was both unreliable and self-serving. Accordingly, the ALJ found Mrs. McDaniel had willfully and intentionally received an overpayment of public assistance funds. This determination was affirmed on review in superior court.
On appeal to this court, Mrs. McDaniel contends (1) the ALJ was clearly erroneous in finding Mr. McDaniel resided with his family; (2) DSHS failed to provide proper notice that intent would be an issue at the hearing; and (3) the Superior Court erred in modifying DSHS's final order.
First, Mrs. McDaniel contends DSHS has the burden of proving that Mr. McDaniel lived with his family from February 1983 through February 1984. She asserts DSHS has failed to do so, and, at a minimum, has only established that Mr. McDaniel owned the Pittsburg residence and used *896 the address. She also argues that the ALJ's findings are based solely on uncorroborated hearsay evidence. While Mrs. McDaniel concedes DSHS may meet its burden of proof with circumstantial evidence, here, she contends there is only conjecture and the ALJ's decision should be set aside.
Our review is governed by the administrative procedure act (APA), RCW 34.04.130(6):
The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) in violation of constitutional provisions; or
(b) in excess of the statutory authority or jurisdiction of the agency; or
(c) made upon unlawful procedure; or
(d) affected by other error of law; or
(e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
(f) arbitrary or capricious.
This review is limited to the record of the administrative tribunal, RCW 34.04.130(5); Department of Ecology v. Ballard Elks Lodge 827, 84 Wn.2d 551, 527 P.2d 1121 (1974), and we cannot substitute our judgment for that of the agency. Franklin Cy. Sheriff's Office v. Sellers, 97 Wn.2d 317, 325, 646 P.2d 113 (1982), cert. denied, 459 U.S. 1106 (1983).
[1] The above statute permits a reviewing court to remand for further proceedings if the court, based upon its review of the record, is not satisfied that the agency is right, and a "second look" is required. State ex rel. Gunstone v. State Hwy. Comm'n, 72 Wn.2d 673, 674-75, 434 P.2d 734 (1967); Skold v. Johnson, 29 Wn. App. 541, 550, 630 P.2d 456, review denied, 96 P.2d 1003 (1981). As stated in Gunstone, at 674-75, the remand "safety valve" permits the reviewing court to "require a second look at situations and conditions which might not warrant a reversal, but which, *897 to the court reviewing the record, would indicate to it that the [Department] may have acted on incomplete or inadequate information ..." A remand is proper even when the administrative decision is not in error. Stempel v. Department of Water Resources, 82 Wn.2d 109, 113, 508 P.2d 166 (1973).
[2] Here, a remand for further proceedings is proper. DSHS relied solely on documentation evidence in lieu of any direct testimony. We are not satisfied that DSHS has met its burden of proving Mr. McDaniel resided in the family home. Although RCW 34.04.100 permits the use of relevant hearsay in contested administrative cases, as concerns this hearing DSHS's repeated and sole use and reliance on double and triple hearsay requires us to remand for a "second look". At such proceedings, some testimonial evidence should be presented corroborating the investigative reports in order to avoid reliance solely on hearsay and conjecture.
Second, Mrs. McDaniel contends the notice she received failed to apprise her, consistent with procedural due process, that intent would be an issue at the hearing. She argues deprivation of welfare benefits must satisfy constitutional procedural due process, Goldberg v. Kelly, 397 U.S. 254, 25 L.Ed.2d 287, 90 S.Ct. 1011 (1970), and this requires notice reasonably calculated to apprise a party of proceedings which will affect his or her interests. Mrs. McDaniel asserts DSHS's regulations require a financial and medical assistance overpayment letter to include a "determination that an intentional overpayment is or is not involved" and also requires special notice for an intentional food stamp program violation.
[3] An order based on a hearing in which there was not adequate notice or opportunity to be heard is void. Esmieu v. Schrag, 88 Wn.2d 490, 497, 563 P.2d 203 (1977). The APA provides that in any contested case, notice shall include:
A short and plain statement of the matters asserted. If the agency or other party is unable to state the matters *898 in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved.
RCW 34.04.090(1)(d). The APA requires that parties be put on notice of the issues to be litigated. International Ass'n of Firefighters, Local 469 v. Public Empl. Relations Comm'n, 38 Wn. App. 572, 579, 686 P.2d 1122, review denied, 102 Wn.2d 1021 (1984). As stated by this court in International Firefighters, at 579:
Generally, an administrative law judge's decision on an issue will not be upheld on review if the issue was not raised in the amended complaint, in the briefs, or in oral argument, and no evidence was presented concerning that issue. NLRB v. Local 25, Int'l Bhd. of Elec. Workers, [586 F.2d 959, 961 (2d Cir.1978)]; see also NLRB v. Highway & Local Motor Freight Employees, Local 667, 654 F.2d 254 (6th Cir. 1981). This rule follows the APA requirement that the parties be put sufficiently on notice of the issues to be litigated in the case. "Even where the record contains evidence supporting a remedial order, the court will not grant enforcement in the absence of either a supporting allegation in the complaint or a meaningful opportunity to litigate the underlying issue in the hearing itself." NLRB v. Blake Constr. Co., 663 F.2d 272, 279 (D.C. Cir.1981). However, where there is sufficient notice and the issue is fully litigated, even though absent from the pleadings, the administrative law judge's decision will be upheld. NLRB v. Highway & Local Motor Freight Employees, Local 667, supra at 256.
Therefore, it must first be determined whether Mrs. McDaniel received sufficient notice that intention was an issue. We find she did not. DSHS's request for a hearing and the letter of overpayment failed to inform Mrs. McDaniel that intention was an issue. Although there is evidence in the record to support the ALJ's ruling, unless it is shown that Mrs. McDaniel had a meaningful opportunity to litigate the intention issue at the hearing, the ruling is not enforceable. Our review of the entire hearing transcript indicates Mrs. McDaniel did have such an opportunity. In fact, her attorney raised the issue of intention in his opening statement. There was no error.
*899 Third, Mrs. McDaniel contends the court erred in modifying DSHS's final order. She argues the court exceeded its jurisdiction since the court has authority only to affirm, remand, or reverse and may not "modify" administrative decisions. She alleges that in its determination there was an intentional overpayment, the court essentially modified the administrative decision. Although this issue is raised for the first time on review and need not be considered, RAP 2.5(a), we nevertheless do so and find no error.
In reviewing a decision of an administrative agency, the court may affirm or remand for further proceedings, or may reverse the decision. RCW 34.04.130(6); International Ass'n of Fire Fighters, Local 1052 v. Public Empl. Relations Comm'n, 29 Wn. App. 599, 604 n. 3, 630 P.2d 470, review denied, 96 Wn.2d 1004 (1981). This court reviews the record of the agency, not that of superior court. Groves v. Department of Social & Health Servs., 42 Wn. App. 84, 86, 709 P.2d 1213 (1985).
Conclusion of law 5 originally entered by the court read:
The ALJ properly exercised his inherent power when he found an intentional overpayment since there was sufficient clear and convincing evidence in the record to support the finding of intent.
(Italics ours.) In its memorandum of authorities in opposition to the motion for reconsideration, DSHS asked the court to "modify the court's Findings of Fact, Conclusions of Law and Order entered on October 16, 1986, to reflect that the ALJ had implied power to find an intentional overpayment." (Italics ours.) The court granted this motion and modified its original order to read:
The ALJ properly exercised his implied power and this court on judicial review of the administrative hearing has the inherent power to find an intentional overpayment since there is sufficient evidence in the record to support the finding of intent.
(Italics ours.)
This modification did not result in any prejudice to Mrs. McDaniel.
*900 Mrs. McDaniel's request for attorney fees under RCW 74.08.080 shall abide the outcome of these proceedings.
Remanded in part; affirmed in part.
McINTURFF, C.J., and MUNSON, J., concur.
Reconsideration denied June 7, 1988.
NOTES
[1] At the hearing, DSHS offered evidence establishing Mr. McDaniel as the owner of the Pittsburg residence. DSHS also offered summaries and findings of a quality control reviewer. Although the reviewer's identity was known, neither party requested he be present at the hearing.
[2] The carrier described the man to be 5'8" to 5'9" tall, dark hair and bearded. According to the postal carrier, a man, woman and two children resided at the home for 2 years. We note from the record that Mrs. McDaniel has three children and that the description of the man does not appear to match the description of Mr. McDaniel.