DECISION
This is an appeal of the decision of the Retirement Board of the Employees' Retirement System of Rhode Island (Retirement Board) to deny Alan Barth's (Barth) petition for an accidental disability pension. Additionally, Barth seeks a finding that he is entitled to recover this pension under the Declaratory Judgment Act. Jurisdiction is pursuant to R.I.G.L. 1956 §§ 42-35-15 and 9-30-1.
 Facts and Travel
On June 8, 1994, Barth, while working as a Correctional Officer at the Adult Correctional Institution, was assaulted by an inmate and thrown into a steel rail. As a result, he suffered injury to his lower back, left shoulder, left elbow, and left hand, and remained unable to work for over three years. During this time period, he underwent various treatments in an attempt to heal his injuries, including a surgical procedure on his left elbow. On August 12, 1997, Barth returned to his job and continued to work without incident until July 27, 1998, when, after another confrontation with an inmate, he claimed to have re-injured his left shoulder and elbow. On December 12, 1999, believing that his injuries had permanently rendered him unable to work as a Correctional Officer, Barth filed a petition with the Employees' Retirement System of the State of Rhode Island (ERSRI) for accidental disability pension benefits pursuant to G.L. 1956 § 36-10-14.
Upon receipt of the application, ERSIA had Barth examined by three independent physicians who submitted their reports to the Disability Subcommittee of the Retirement Board. The doctors' opinions were mixed: one found that Barth's injuries prevented him from returning to his job, while the other two found he did not meet the criteria for permanent disability from work as a Correctional Officer. After reviewing the relevant documents, the Disability Subcommittee issued a recommendation that Barth be denied the pension because his application was not timely filed. On October 11, 2000, the Retirement Board, on the basis of the subcommittee's recommendation, voted to deny Barth's petition. Barth appealed the denial, but the Retirement Board reaffirmed its decision on November 5, 2004 on the same grounds (Decision). Then, pursuant to ERSIA's regulations, Barth's application was appealed to the full Retirement Board, which voted to uphold the denial on March 9, 2005.
The Retirement Board sent a letter to Barth formally notifying him of this decision. Barth then filed a timely appeal of the Decision to this Court.
 Standard of Review
A party may appeal an administrative decision pursuant to the Administrative Procedures Act (APA). § 42-35-15. Section 42-3 5-15(g) of that act provides:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) in violation of constitutional or statutory provisions;
 (2) in excess of the statutory authority of the agency;
 (3) made upon unlawful procedure;
 (4) affected by other error [of] law;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of an agency under the APA, the Court is limited to an examination of the certified record to determine whether the agency's decision is supported by legally competent evidence.R.I. Pub. Telecomm. Auth. v. Rhode Island State of Labor RelationsBd., 650 A.2d 479, 485 (R.I. 1994); Cahoone v. Bd. Of Review of theDept. of Employment Security. 104 R.I. 503, 506, 246 A.2d 213, 214
(1968). Legally competent evidence has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." R.I. Temps v. Dept. of Labor and Training.749 A.2d 1121, 1125 (R.I. 2000) (quoting Newport Shipyard. Inc. v. RhodeIsland Comm. For Human Rights, 484 A.2d 893, 897 (R.I. 1984)). An agency's decision on a question of law is not binding on this Court, however, and may be reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflict of InterestComm.. 509 A.2d 453, 458 (R.I. 1986) (citing Narragansett Wire Co. v.Norberg. 118 R.I. 596, 607, 376 A.2d 1, 6 (1997).
Additionally, the Court may remand a case for further proceedings. Section 42- 35-15(g). A remand is "intended as a safety valve, permitting the reviewing court to require a second look at situations and conditions which might not warrant a reversal, but which, to the court reviewing the record, would indicate to it that the . . . [agency] may have acted on incomplete or inadequate information. . . ."Lemoine v. Dep't of Mental Health. Retardation, and Hospitals.113 R.I. 285, 320 A.2d 611 (1974) (quoting State ex rel. Gunstone v. stateHighway Comm'n, 72 Wash.2d 673, 434 P.2d 734 (1967).
 Analysis
Under Section 36-10-14, an employee can apply for an accidental disability pension if certain conditions are met. That Section provides, in pertinent part:
 "(b) The application shall be made within five (5) years of the alleged accident from which the injury has resulted in the members present disability and shall be accompanied by an accident report and a physicians [sic] report certifying to the disability; provided that if the member was able to return to his or her employment and subsequently reinjures or aggravates the same injury, the application shall be made within the later of five (5) years of the alleged accident or three (3) years of the reinjury or aggravation.
 (c) If a medical examination conducted by three (3) physicians engaged by the retirement board and such investigation as the retirement board may desire to make shall show that the member is physically or mentally incapacitated for the performance of service as a natural and proximate result of an accident, while in the performance of duty, and that the disability is not the result of willful negligence or misconduct on the part of the member, and is not the result of age or length of service, and that the member has not attained the age of sixty-five (65), and that the member should be retired, the physicians who conducted the examination shall so certify to the retirement board stating the time, place, and conditions of service performed by the member resulting in the disability and the retirement board may grant the member an accidental disability benefit."
Essentially, the parties disagree on whether Barth's application for an accidental disability pension was timely under Section 36-10-14. Barth argues that he was reinjured in 1998, making his 1999 application timely under the "reinjury or aggravation" clause of Section36-10-14(b). The Retirement Board argues that Barth has missed the statutory deadline because he filed his application more than five years after the original injury. The Retirement Board also argues in its written memorandum that Barth was not disabled by a "re-injury or aggravation" in 1998; however, this issue was never addressed in the 2004 Decision.
As stated above, the Court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Section 42-35-15. However, in the instant case, the Retirement Board's decision does not present the Court with any findings related to Barth's alleged re-injury in 1998. As evidenced by the parties' respective arguments, the entire issue of timeliness rests upon this fact. The classification of Barth's condition in 1998 as a "reinjur[y] or aggravation] of the same injury" would render his application timely under the statute; conversely, finding that Barth's only disabling injury occurred in June 1994 would indicate that his December 1999 application was untimely.
Despite the relevancy of this issue, the Decision's findings of fact refer to the timing of Barth's application only as it relates to his 1994 injury. The findings of fact, in their entirety, read as follows:
 "1. At the time of his application, Barth was a 37 year-old Correctional Officer with the Rhode Island Department of Corrections with 4 years of service credit in the Employees [sic] Retirement System of Rhode Island.
 2. Barth applied for an Accidental Disability Pension on December 12, 1999, on the basis of nerve damage to his left elbow and left shoulder pain caused as a result of a confrontation with an inmate on June 8, 1994.
 3. Barth had surgery on his left elbow in 1995.
 4. Barth returned to work in July 1997 and worked until August 1998 at which time he left employment at the Department of Corrections claiming a reoccurrence of the 1994 injury." Decision at 1.
Following these findings of fact, the Board reprinted Section 36-10-14
before issuing its conclusion, which reads, in its entirety, as follows:
 "A thorough reading of the documentation submitted in support of Barth's application indicates that Barth's application was not made within the later of five (5) years of the alleged accident or three (3) years of the reinjury or aggravation.' Therefore the Subcommittee reaffirms its decision of October 6, 2000, denying Barth's application for an Accidental Disability Pension."
It has long been held that "detailed and informative findings of fact are a precondition to meaningful administrative or judicial review."JCM, LLC v. Town of Cumberland Zoning Board of Review, 889 A.2d 169, 176
(R.I. 2005). See also Thorpe v. Zoning Bd. Of Review, 492 A.2d 1236
(R.I. 1985); Tillinghast v. Town of Glocester, 456 A.2d 781 (R.I. 1983);Sambo's of Rhode Island, Inc. v. McCanna, 431 A.2d 1192 (R.I. 1981);Eastern Scrap Services, Inc. v. Harty, 115 R.I. 260, 341 A.2d 718
(1975); Hooper v. Goldstein, 104 R.I. 32, 241 A.2d 809 (1968). "A satisfactory factual record is not an empty requirement," JCM, LLC,889 A.2d at 176, and indeed, the deferential review of decisions by quasi-judicial bodies is "contingent upon sufficient findings of fact[.]" Kaveny v. Town of Cumberland Zoning Board of Review,875 A.2d 1, 8 (R.I. 2005)). "In the absence of sufficient findings of fact and conclusions of law, `the Court will not search the record for supportive evidence or decide for itself what is proper under the circumstances.'"JCM, LLC, 889 A.2d at 177.
Here, the findings in the Retirement Board's Decision do not address the pivotal question — did the alleged 1998 re-injury disable Barth to the extent that he would qualify for an accidental disability pension under Section 36-10-14? The Court cannot determine whether the Board's findings are supported by substantial evidence if those findings have not been made. Thus, the Court is unable to undertake an adequate review of the Decision, and remands the Decision to the Retirement Board with instructions to determine whether Barth's alleged re-injury in 1998 meets the statutory standard for an accidental disability pension under Section 36-14-10, making his application timely.
Declaratory Judgment
Secondly, Barth seeks a declaratory judgment from this Court pursuant to Section 9-30-1, which provides as follows:
 "The superior or family court upon petition, following such procedure as the court by general or special rules may prescribe, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."
This Court's power to issue declaratory judgments "is broadly construed, to allow the trial justice to `facilitate the termination of controversies.'" Bradford Assocs. v. Rhode Island Div. ofPurchases, 772 A.2d 485, 489 (R.I. 2001) (quoting Capital Properties,Inc. v. State, 749 A.2d 1069, 1080 (R.I. 1999)). The Court's decision to grant or deny declaratory relief is purely discretionary; however, this authority is not absolute as it may be reviewed on appeal for improper exercise of discretion or other abuse of authority. See AFT v.Woonsocket School Committee. 694 A.2d 727, 729 (R.I. 1997);Lombardi v. GoodvearLoanCo., 549 A.2d 1025, 1027 (R.I. 1988).
Exercising its discretion, the Court declines to entertain Barth's request for discretionary relief. The APA provides Barth with an adequate remedy for redress, which is evidenced by the administrative appeal currently before the Court. See R.I. Empl. Sec. Alliance, Local401, S.E.I.U. v. Dep't of Empl. Training, 788 A.2d 465, 468 (R.I. 2002). Any declaratory relief provided by the Court would only duplicate the relief afforded by the administrative review process.
 Conclusion
Accordingly, the Court remands the Decision to the Retirement Board to determine whether Barth's alleged re-injury in 1998 meets the statutory standard for an accidental disability pension under Section 36-14-10. Additionally, the Court declines to entertain Barth's request for declaratory relief.
This Court will retain jurisdiction.