320 A.2d 611 (1974)
Patricia LEMOINE
v.
DEPARTMENT OF MENTAL HEALTH, RETARDATION AND HOSPITALS.
No. 1981-M. P.
Supreme Court of Rhode Island.
June 10, 1974.
*612 Berberian & Tanenbaum, Aram K. Berberian, for petitioner.
Richard J. Israel, Attorney General. Dorothy A. Carr, Special Asst. Attorney General, for respondent.

OPINION
PAOLINO, Justice.
Prior to March 13, 1970, the petitioner was employed by the State of Rhode Island at the Dr. Joseph H. Ladd School as a recreation leader in the Department of Health, Division of Mental Retardation (now the Department of Mental Health, Retardation and Hospitals). She received a letter, dated March 13, 1970, from Dr. John G. Smith, Superintendent of the Ladd School, notifying her that her services were being terminated as of that date "for the good of the service  excessive absenteeism and tardiness." The "Termination Notice" is also signed by Dr. Smith.
The petitioner filed an appeal to the Personnel Appeal Board of the State of Rhode Island. At the hearing before the board evidence was presented indicating that petitioner had been absent and tardy on numerous occasions. The petitioner testified on her own behalf and attempted to explain her absences and tardiness. She also challenged Dr. Smith's authority to discharge her. The board affirmed the action of Dr. Smith and also found that he had authority to terminate petitioner's employment. Accordingly the board denied and dismissed her appeal.
The petitioner, being aggrieved by the board's action, sought judicial review of that action by filing a complaint in the Superior Court under G.L. 1956 (1969 Reenactment) § 42-35-15 of the Administrative Procedures Act. She based the complaint in substance on the grounds that (1) there was no competent evidence to support the finding of excessive absenteeism and tardiness, and (2) Dr. Smith lacked the authority to discharge her.
The Superior Court justice who heard the case affirmed the board's finding with respect to petitioner's excessive absenteeism and tardiness. However, he concluded that on the basis of the evidence before him he could not resolve the question of Dr. Smith's authority to discharge petitioner. The trial justice referred expressly to Dr. Smith's testimony that when he took the action against petitioner he was under the impression he had the authority to do so, but that now he was not sure whether or not he had the authority. The trial justice went on to say that as he examined the transcript, there did not seem to be any evidence upon which a finding that Dr. Smith either had the authority or did not have the authority could be made. He said that there was a complete failure of evidence on this point, that though he was not prepared to hold as a matter of *613 law that Dr. Smith did not have such authority, by the same token he did not feel as a matter of law that the board had such evidence before it to determine that Dr. Smith did have such authority. In the circumstances he concluded that the only appropriate action was to remand the matter to the board with a request that it resolve the question of Dr. Smith's authority by taking further evidence. He thereupon remanded the case to the Personnel Appeal Board for that purpose. A judgment incorporating his decision was entered in the office of the clerk of the Superior Court.
The petitioner thereupon filed the instant petition for certiorari under § 42-35-16 of the Administrative Procedures Act to review the action of the trial justice. She challenges the trial justice's action on two grounds.

I
The petitioner's first ground is that the evidence of her absenteeism and tardiness is insufficient to establish that they were excessive. This argument is without merit.
Section 42-35-15(g) provides, in part, that the Superior Court "* * * shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." In passing on petitioner's appeal the trial justice, being cognizant of his duties and the scope of his review under this section, examined the record to determine whether or not the board's finding on the question of excessive absenteeism and tardiness was supported by competent evidence. He found that it was and affirmed.
The scope of our review is controlled by § 42-35-16. It may be well to point out here, as we did in Smith v. Zoning Board of Review, 111 R.I. 359, 367, 302 A.2d 776, 780 (1973), that the writ of certiorari brings up the record of the lower court for inspection and review on questions of law only, and any ground for reversal must be found on the face of the record. On certiorari this court does not weigh evidence, but merely examines the record to determine whether there is any legal evidence or reasonable inference therefrom to support the findings of the tribunal whose decision is being reviewed. Thus, we examine the record to determine whether or not there is any competent evidence to support the trial justice's findings sustaining the board's findings on the question of excessive absenteeism and tardiness and, also, to determine whether or not the trial justice applied the correct law to such findings. Smith v. Zoning Board of Review, supra. There is competent evidence in the record to support the trial justice's findings and therefore we do not disturb them.
The petitioner next contends that the trial justice has no authority under the Administrative Procedures Act to remand the case to the board for the taking of additional testimony on the question of Dr. Smith's authority to discharge petitioner.
The authority of the Superior Court to remand under the Administrative Procedures Act is governed by the provisions of §§ 42-35-15(e) and 42-35-15(g).
Section 42-35-15(e) reads as follows:
"If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings or decisions with the reviewing court."
*614 Section 42-35-15(g) reads as follows:
"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) in violation of constitutional or statutory provisions;
(2) in excess of the statutory authority of the agency;
(3) made upon unlawful procedure;
(4) affected by other error of law;
(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) arbitrary or capricious or characterized by abuse or discretion or clearly unwarranted exercise of discretion."
The petitioner's argument is that the only authority possessed by the Superior Court to remand for the taking of further evidence is that given in § 42-35-15(e) and that under that section it may not remand for the purpose of taking further evidence unless, before the date set for hearing,
(1) application is made to the court for leave to present additional evidence, and
(2) it is shown to the satisfaction of the court that the additional evidence is material, and
(3) there were good reasons for failure to present it in the proceeding before the agency.
The petitioner contends that the authority of the Superior Court to remand for the purpose of taking further evidence is expressly conditional upon compliance with the provisions of § 42-35-15(e); that compliance with those provisions is a condition precedent to the exercise of the Superior Court's authority to remand for such purpose; and that since there was no compliance with the provisions of § 42-35-15(e), the Superior Court had no authority to remand for the taking of further evidence on the question of Dr. Smith's authority to discharge petitioner. We do not agree.
For the reasons that follow we hold that the Superior Court, under § 42-35-15(g) of the Administrative Procedures Act, has authority to remand for the taking of further evidence in a proper case. That section, in pertinent part, provides that "[t]he court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision * * *." The authority to "remand the case for further proceedings" is a broad grant of power, but it is in essence merely declaratory of the inherent power of the court to remand, in a proper case, to correct deficiencies in the record and thus afford the litigants a meaningful review. See Ferrilli v. Department of Employment Security, 106 R.I. 588, 261 A.2d 906 (1970), where we directed the Superior Court to remand the case to the agency for a consideration of the doctrine of estoppel in the light of the evidence then in the record, and specifically authorized the taking of such further evidence as might be deemed necessary to prevent manifest injustice. See also Floyd v. Arkansas State Board of Pharmacy, 251 Ark. 626, 473 S.W.2d 866 (1971).
Section 42-35-15(e) does not limit the authority of the Superior Court to remand for the taking of additional evidence. The underlying philosophy of the administrative process for settling disputes is to give finality to findings of fact made by administrative agencies, when such findings are supported by competent evidence and are procedurally proper. While judicial review is provided, a court cannot, under the act, substitute its judgment for that of the agency "as to the weight of the evidence *615 on questions of fact." To implement this basic philosophy of the administrative process, § 42-35-15(e) gives litigants, while the case is pending on appeal in the Superior Court, an opportunity to present additional evidence before the agency so that the agency may modify its original findings and decision by reason of such additional evidence and "* * * file that evidence and any modifications, new findings or decisions with the reviewing court." Thus, as we have stated above, § 42-35-15(e) does not limit the authority of the Superior Court to remand under § 42-35-15(g) for the taking of further evidence; it merely affords the litigants a further opportunity to present additional evidence, and it likewise gives the agency a chance to modify its original action if warranted by the new evidence.
The question of a remand for further proceedings under the Administrative Procedures Act was raised, considered, and decided in State ex rel. Gunstone v. State Highway Comm'n, 72 Wash.2d 673, 434 P.2d 734 (1967), where the court said:
"The provision for such a remand would seem to be intended as a safety valve, permitting the reviewing court to require a second look at situations and conditions which might not warrant a reversal, but which, to the court reviewing the record, would indicate to it that the State Highway Commission may have acted on incomplete or inadequate information; or may have failed to give adequate consideration to an alternate route; or may have weighted its evaluation of the matter under consideration with the theory of the complete infallibility of its own engineers.
"A remand for further consideration is not a determination that the State Highway Commission is wrong; but it is an indication that the disinterested court, which has reviewed the record, is not satisfied on the basis of that record that the State Highway Commission is right." Id. at 674-75, 434 P.2d at 735.
For the reasons stated, we find no error in the trial justice's order remanding the case to the board for the taking of additional evidence.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the judgment entered by the Superior Court is affirmed, and the papers certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.