338 A.2d 538.

EUGENE COUTURE, D.V.M. *vs.* JOHN H. NORBERG,
*Tax Administrator of the State of Rhode Island.*

JUNE 6, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review a judgment entered in the Superior Court modifying a decision of the defendant tax administrator. We granted the writ without prejudice to the respondent's right to renew his objection thereto at the hearing on the merits. *Couture, D.V.M.* v. *Norberg,* 113 R. I. 905, 317 A.2d 138 (1974).

The record certified to this court pursuant to our order discloses the following pertinent facts. Eugene Couture, d.b.a. Mercy Animal Hospital (hereinafter referred to as the taxpayer) is and was a veterinarian operating an animal hospital in Cranston, Rhode Island. On April 4, 1972, a deficiency determination for the period of March 1966 through December 1971, in the amount of $962.41, was sent to the taxpayer. The use tax assessed was on the following categories of purchases: food, such as meat, milk, fish and eggs fed to the animals; special pet foods, general supplies for animal and hospital maintenance, and hospital-type equipment and prosthetic devices such as surgical collars and splints.

An administrative hearing was duly requested and held. The taxpayer argued therein that all the above categories of purchases were exempt. The tax administrator sustained the assessment. The taxpayer paid the assessed sum under protest and duly filed a complaint in the Superior Court seeking a review of the administrator's decision. The case was submitted on the record of the hearing and memoranda by counsel. The trial justice modified the decision of the tax administrator to the extent of the sum which represented the amount of use tax paid on medicated shampoos and flea sprays exempted under G.L. 1956 (1970 Reenactment) §44-18-30(K). This modification is not before this court.

The taxpayer did, however, file a petition for common-

law certiorari to review the trial justice's action on other issues.

Before reaching the substantive issues raised by this petition, we must first address the jurisdictional question of whether the grant of certiorari was improvidently given. The tax administrator argues that this matter is improperly before us since the provision for certiorari under ch. 19 of tit. 44 is now superseded by the provision of the Administrative Procedures Act. Hence, he concludes that the proper vehicle for review was to file for certiorari pursuant to G. L. 1956 (1969 Reenactment) §42-35-16, as amended. While this argument is technically sound, we will treat this matter as a petition for certiorari under the Administrative Procedures Act, since the instant petition was filed within the 20-day statutory period.

The first issue presented in this case is whether purchases of medicated shampoos, dietary supplements, and drugs are exempt under §44-18-30.

The pertinent provisions of §44-18-30 are as follows:

"Gross receipts exempt from sales and use taxes.— There are exempted from the taxes imposed by this chapter the following gross receipts:
* * *

"K. *Medicines and drugs.* From the sale and from the storage, use, or other consumption in this state, subsequent to March 31, 1948, of medicines and drugs as defined in §5-19-1, sold on prescriptions, and proprietary medicines, popularly called patent medicines."

Section 5-19-1 defines drugs and medicines and provides that they

"* * * shall mean and include all drugs and preparations sold under or by a name recognized in the United States pharmacopoeia or national formulary * * *."

The taxpayer argues that medicine and drugs as well as therapeutic diet pet foods should be exempt under §44-18-30(K). In his decision the trial justice stated that

this provision established a statutory exemption for such classified medicines and drugs. The trial justice stated, however, that the evidence did not establish that the taxpayer sold any medicines or drugs as so defined on prescription and, therefore, that the taxpayer could not claim exemption under the provision of the statute. He also found that the testimony taken at trial established that the special diets the taxpayer formulated for the animals under his care did not contain drugs and, therefore, that neither the diet food nor any substances placed in the diet food were exempt from taxation.

On certiorari this court does not weigh evidence, but merely examines the record to determine whether there is any legal evidence or reasonable inference therefrom to support the findings of the tribunal whose decision is being reviewed. *Lemoine* v. *Department of Mental Health, Retardation & Hospitals*, 113 R. I. 285, 320 A.2d 611 (1974). Thus, we examine the record to determine whether or not there is any competent evidence to support the trial justice's findings that certain medicines, drugs, and diet pet foods were not within the statutory exemption. There is competent evidence in the record to support the trial justice's findings and therefore we do not disturb his decision.

The taxpayer next argues that the purchase of food products made for human consumption is exempt under §44-18-30 even though they are consumed by animals.[1]

---

[1]The specific portion of G. L. 1956 (1970 Reenactment) §44-18-30 setting forth the exemption for food products reads as follows:

"There are exempted from the taxes imposed by this chapter the following gross receipts:
* * *

"J. *Food products.* From the sale and the storage, use, or other consumption in this state, subsequent to March 31, 1948, of food products for human consumption."

He challenges the interpretation given the statute by the tax administrator and the trial justice, both of whom interpreted the statute to mean that food products actually used for human consumption are exempt. The taxpayer's contention is without merit. It is clear from the reading of the pertinent section that the Legislature did not contemplate its application to food actually consumed by animals which ordinarily would be used by humans.

The taxpayer also contends that certain prosthetic devices such as surgical collars and splints are exempt under §44-18-30(L). That section exempts from the use tax

> "* * * crutches, artificial limbs, dentures, spectacles and eyeglasses, artificial eyes, artificial hearing devices and other prostheses or orthopedic appliances, designed and purchased to be worn on the person of the owner or user."

It is obvious from this statutory enactment that the Legislature intended to exempt only those prosthetic devices which are used on the body of a human being, and therefore splints and other devices used for the treatment of pets are not exempt.

A final contention made by the taxpayer is that the deficiency determination against him should be limited to 3 years. The pertinent portion of §44-19-13 with respect to this issue is as follows:

> "Notice of determination.—The tax administrator shall give to the retailer or to the person storing, using, or consuming the tangible personal property a written notice of his determination. Except in the case of fraud, intent to evade the provisions of this article, failure to make a return, or claim for additional amount pursuant to §§44-19-16 to 44-19-19, inclusive, every notice of a deficiency determination shall be mailed within three (3) years after the fifteenth day of the calendar month following the month for which the amount is proposed to be determined or within three (3) years after the return is

filed, whichever period expires the later, unless a longer period is agreed upon by the tax administrator and the taxpayer."

It is clear from the statute that there is no limitation period established for cases involving a failure to file a return. In this case it is undisputed that the taxpayer failed to file use tax returns for the 6 years in question, and therefore there was no legal impediment by way of time limitation on the tax administrator to audit for that period. The tax administrator has adopted a policy through the promulgation of a regulation that he will not audit for periods beyond 6 years.

In a situation such as that presented in the instant case, the tax administrator could have gone back more than 6 years but elected to follow his established policy. The taxpayer contends that the failure to set any statute of limitation for the exceptions therein makes the statute unconstitutionally vague. On these facts we do not reach this question, since, in fact, the tax administrator limits himself to a reasonable period of time wherein it could be expected that records would be retained.

For the reasons stated, we find no error. The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the judgment entered in the Superior Court is affirmed, and the papers certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Harold H. Winsten,* for petitioner.

*Richard J. Israel,* Attorney General, *George H. Egan,* Special Asst. Attorney General, *Perry Shatkin,* Chief Legal Officer, Taxation, for respondent.