[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This case is before the Court on appeal from a decision of the Rhode Island State Labor Relations Board ("the Board"), finding that eight clerical employees of the Town of Richmond constitute a proper unit for collective bargaining purposes. Jurisdiction is pursuant to G.L. 1956 §42-35-15.
 FACTS AND TRAVEL
The Plaintiff, the Town of Richmond, is an employer as defined in the Rhode Island Labor Relations Act. See G.L. 1956 § 28-7-1, et seq. The Defendant Board is a Rhode Island administrative agency. Defendant Rhode Island Council 94, AFSCME, AFL-CIO ("Council 94") is a labor organization located in Rhode Island
On October 1, 2001, Council 94 filed with the Board a Petition by Employees for Investigation and Certification of Representatives concerning the unionization of eight Town employees. Council 94 sought to represent the positions of Deputy Town Clerk, Clerk I and Clerk II in the Office of Town Clerk, Clerk to the Town Treasurer, Clerk to the Town Assessor, Clerk to the Tax Collector, Clerk to the Building and Zoning Official, and Clerk to the Chief of Police.
Evidentiary hearings were held on January 24 and January 31, 2002, and two depositions were taken. The Board issued its decision in June 2002, finding that the eight clerks shared a sufficient community of interest with each other to form the proposed bargaining unit. The Board also found that none of the clerks held either a supervisory or confidential position and thus should not be excluded on that basis. The Board directed Council 94 to conduct an election to determine if those clerks desired representation by the union. On August 1, 2002, a majority voted in favor of unionization, and the Board issued a Certification of Representatives, recognizing Council 94 as the bargaining representative for the eight clerks.
The Plaintiff contends in its this appeal that the Board erred in finding that the eight clerical employees constitute a proper unit for collective bargaining purposes and that it wrongly ordered that an election be conducted. More particularly, Plaintiff argues that there was no evidence demonstrating a community of interest among the employees, that the Deputy Town Clerk is effectively a supervisor, whose position does not properly belong in the bargaining unit, and that the positions of Deputy Town Clerk, Clerk II, and the Clerk to the Police Chief rise to the level of confidential employees.
 STANDARD OF REVIEW
Rhode Island General Laws § 42-35-15 (g) governs the Superior Court's scope of review for an appeal of a final agency decision and in relevant part:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law (sic);
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 42-35-15.
Sitting as an appellate court with a limited scope of review, this Court is not permitted to substitute its judgment for that of the agency with respect to the credibility of the witnesses or the weight of the evidence as to questions of fact. Ctr. for Behavioral Health v. Barros,710 A.2d 680, 684 (R.I. 1998); Mine Safety Appliances Co. v. Berry,620 A.2d 1255, 1259 (R.I. 1993). "The Superior Court is confined to a determination of whether there is any legally competent evidence to support the agency's decision." Envt'l Scientific Corp. v. Durfee,621 A.2d 200, 208 (R.I. 1993). Thus, if the decision below was based on sufficient competent evidence in the record, the reviewing court is obliged to affirm the agency's decision. Johnston Ambulatory SurgicalAssocs., Ltd v. Nolan, 755 A.2d 799, 805 (R.I. 2000). No reversal of the agency's findings lies unless "the conclusions and the findings of fact are `totally devoid of competent evidentiary support in the record,'Milardo v. Coastal Res. Mgmt. Council, 434 A.2d 266, 272 (R.I. 1981), or from the reasonable inferences that might be drawn from such evidence."Bunch v. Bd. of Review, 690 A.2d 335, 337 (R.I. 1997) (citing Guarino v.Dep't of Soc. Welfare, 122 R.I. 583, 588-89, 410 A.2d 425, 428 (R.I. 1980)). "Questions of law, however, are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts." Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607, 376 A.2d 1,6 (1977). The Superior Court also has the authority to remand a case "to correct deficiencies in the record and thus afford the litigants a meaningful review." Lemoine v. Dept. of Mental Health, Retardation Hosps., 113 R.I. 285, 290, 320 A.2d 611, 614 (1974).
 Determination of a Bargaining Unit
The Rhode Island Supreme Court has noted that when determining the membership of units for collective-bargaining purposes, the principal concern is the grouping together of "`only employees who have substantial mutual interests in wages, hours, and other conditions of employment.'"R.I. Pub. Telecomms. Auth. V.R.I. Labor Relations Bd., 650 A.2d 479, 486
(R.I. 1994) (quoting Fifth Annual Report of the NLRB, 39 (1950)). "In making such a determination, the board is not required to choose the most appropriate bargaining unit but only an appropriate bargaining unit." Id.
(emphasis in original). The Supreme Court adopted the community-of-interest-doctrine in order to determine whether employees in a unit are "sufficiently concerned with the terms and conditions of employment so as to warrant their participation in the selection of a bargaining agent." Id.
In determining whether such a community of interest exists, the Court adopted specific factors relied upon by the National Labor Relations Board:
 1. Similarity in scale and manner in determining earnings;
 2. Similarity of employment benefits, hours of work, and other terms and conditions of employments;
 3. Similarity in the kind of work performed;
 4. Similarity in the qualifications, skills, and training of the employees;
 5. Frequency of contact or interchange among employees;
 6. Geographic proximity;
 7. Continuity or integration of production processes;
 8. Common supervision and determination of labor relations policy;
 9. Relationship to the administrative organization of the employer;
 10. History of collective bargaining;
 11. Desire of the affected employees; and,
 12. Extent of the union organization. R.I. Pub. Telecomms. Auth., 650 A.2d at 486.
The record below reflects sufficient evidence to conclude that the eight clerical positions share a community of interest. Seven of the clerk positions are paid hourly (approximately $9 an hour). While the Deputy Town Clerk is salaried, (earning about $25,000 a year), "a distinction between salaried and hourly compensation, without more, is not dispositive, especially when the overall rates of pay are comparable." Power, Inc. v. Nat'l Labor Relations Bd., 40 F.3d 409, 421 (D.C. Cir. 1994). Although that salary approximates $16 per hour, it is not altogether disproportionate to the other clerks' wages. See R.I.Pub. Telecomms. Auth., 650 A.2d at 487 (members of union earned salaries ranging from $20,045 to $49,952). Further, the clerks' wages are determined by a merit pay scale established by the Town Council.
The clerks also share similar hours of work, which are generally between the hours of 8:00 A.M. and 4:00 P.M., Monday through Friday. Five of the eight clerks work only part-time. Plaintiff argues that full-time and part-time employees cannot be included in the same bargaining unit.See Friendly Ice Cream Corp. v. NLRB, 705 F.2d 570, 581 (1st Cir. 1983) (casual or temporary employees may be excluded from bargaining units if not found to share the requisite community of interest with full-time and regular part-time employees). Part-time and full-time employees, however, may nonetheless have sufficiently overlapping interests, such as similar working conditions, performance of similar tasks, and similar wages, in order to justify their inclusion in the same bargaining unit.NLRB v. Western Temporary Services, Inc., 821 F.2d 1258, 1268 (7th Cir. 1987). Here the five part-time clerks are not casual or temporary employees, as they have regular working hours and were not hired on just a temporary basis. Further, the clerks perform the same clerical duties as the full-timers, and the terms and conditions of employment are also the same for each clerk as set forth in a comprehensive set of personnel regulations adopted by the Town Council. Moreover, the Board indicated in its decision that it has previously certified bargaining units with such a mix of employees.
Plaintiff argues that the clerks do not share a community of interest because three are not entitled to any benefits.[1] The mere fact that they do not receive the same benefits does not, however, necessarily exclude them from a bargaining unit. Western Temporary Services, Inc.,821 F.2d at 1268. The similarities in the working conditions and tasks performed override the fact that some do not receive benefits. All the clerks perform substantially similar duties, such as answering the phone, doing data entry, making photocopies, sending and receiving faxes, and generating reports. The qualifications for the eight positions are also similar, e.g., a high school diploma, knowledge of office procedures, computer or typing skills, and good interpersonal skills.
The Town Clerks also interact with each other on some level. Seven employees are located in Town Hall and frequently have to transfer calls between departments. The Deputy Town Clerk, Clerk I, and Clerk II work in the same office and interact on a daily basis. The Clerk to the Police Chief is located three miles away but has contact with the other clerks when calling for a background check and dealing with financial issues.
Plaintiff also argues that the eight employees do not have common supervision, as each is supervised by his or her respective department head, and that the labor policies are left to the discretion of department heads. Employees in separate facilities, although supervised by different managers, may nonetheless share communities of interest where their overall responsibility resides with management. Comarco,Inc. v. NLRB, 1994 U.S. App. LEXIS 26795 (4th Cir. 1994). Each department head supervises his or her clerk, such as determining the clerk's duties, disciplining the clerk, and setting the clerk's hours. However, labor policies, including holidays and benefits, are determined by the Town Council. Although a department head makes a recommendation for a merit pay raise, the Town Council sets the budget for each employee.
Accordingly, the record below is not without substantial evidence to support the Board's conclusion that the eight clerks share a community of interest. The Board, therefore, did not err in certifying the bargaining unit.
 Confidential Employees
By statute a municipal employee is defined as "any employee of a municipal employer, whether or not in the classified service of the municipal employer, except . . . confidential and supervisory employees," G.L. 1956 § 28-9.4-2(b)(4). It has been said that allowing confidential employees to be union members would "undermine the equality of bargaining power that the provisions of the Labor Relations Act seek to foster."Barrington Sch. Comm. v. R.I. State Labor Relations Bd., 608 A.2d 1126,1136 (R.I. 1992). "It would be unfair for an employee who is entrusted with advance knowledge of his or her employer's labor relations policies to be able to share this information with a union that serves as the employee's collective bargaining representative." Id. Plaintiff contends that the positions of Clerk to the Police Chief, Deputy Clerk, and Clerk II should be excluded from the bargaining unit because they constitute such confidential employees.
In order to assess a claimed confidential status of an employee, the Rhode Island Supreme Court has adopted the "labor-nexus" test, in which two categories of employees may be considered confidential and therefore excluded from collective bargaining. Id. The first category includes "those confidential employees `who assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations.'" NLRB v. Hendricks County RuralElectric Membership Corp., 454 U.S. 170, 173, 102 S. Ct. 216, 220,70 L. Ed. 2d 323, 327-27 (1981) (quoting B.F. Goodrich Co., 115 N.L.R.B. 722, 724 (1956)). "The second category consists of those employees who, in the course of their duties, regularly have access to confidential information concerning anticipated changes which may result from collective bargaining negotiations." Barrington Sch. Comm.,608 A.2d at 1136 (internal quotations omitted).
Plaintiff suggests that the Clerk to the Police Chief must be considered a confidential employee because she assists someone who determines management policies. However, "the supervisor of the employee whose status is under consideration must have ongoing responsibility for developing labor policy." Id. The Plaintiff did not present any evidence to the Board that the Police Chief, or any other department head for that matter, is responsible for developing labor policy. "The relevant supervisor must also operate at a higher level than merely implementing routine, day-to-day administrative decisions needed to carry out a collective bargaining agreement or other labor policy without having any meaningful input into the contours of such an agreement or policy." Id.
The department heads testified that they supervise the clerks and implement policies, but it is the Town Council that develops labor policy.
The Plaintiff notes that the Clerk to the Police Chief would be obliged to type contract proposals when the need arises. That obligation does not invite a finding of "confidentiality," as "the mere typing of or handling of confidential labor relations material does not, without more, imply confidential status." Id. at 1137. Accordingly, the Clerk to the Police Chief does not fall under either category, and the Board was not clearly wrong to conclude that she is not a confidential employee.
Plaintiff also argues that the Deputy Town Clerk is endowed with confidential status. The Deputy Town Clerk takes the minutes of executive sessions in which labor matters, personnel matters, and union contracts are discussed when the Town Clerk is not available. That argument is unavailing. "Casual access to labor-related information is not enough to disqualify an employee from belonging to a bargaining unit." Id. The employee must have "regular and considerable" access to confidential information, which does not include "access on an occasional, substitute, or overflow basis." Id. Here, the Deputy Town Clerk does not have regular access to this confidential information, but acts only as a substitute when the Town Clerk is not available. Thus, the Deputy Town Clerk cannot, on this record, be considered a confidential employee.
Lastly, Plaintiff contends that the position of Clerk II is confidential because her duties bring her into contact with documents that are produced in the course of labor negotiations. These duties include putting together packets for the Town Council before a meeting. As noted earlier, however, the mere handling of confidential material does not imply confidential status. Accordingly, the Board did not err in concluding that the position of Clerk II is not confidential in nature.
 Supervisory Employees
Supervisory employees, like confidential employees, are generally excluded from the definition of a municipal employee. Section28-9.4-2(b)(4). "Managers and supervisors are those who carry out and often help formulate the employer's policies." State v. Local No. 2883,AFSCME, 463 A.2d 186, 191 (R.I. 1983). "To allow managers and supervisors to participate in the collective-bargaining process would be to create a conflict of interest." Id. Plaintiff contends that the position of Deputy Town Clerk falls within that category and should therefore be excluded from the bargaining unit.
The Rhode Island Supreme Court has adopted the following federal definition of supervisor:
 "any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment." Fraternal Order of Police, Westerly Lodge No. 10 v. Town of Westerly, 659 A.2d 1104, 1108 (R.I. 1995) (quoting 29 U.S.C.A. § 152(11) (West 1973)).
Although the Deputy Town Clerk's job description indicates that she may be expected to fill in when the Town Clerk is absent, "job descriptions standing alone and unsupported by other evidence would . . . indicate little." Maine Yankee Atomic Power Co. v. NLRB, 624 F.2d 347, 364 (1st
Cir. 1980). The Deputy Town Clerk has never been involved with disciplining any employee, adjusting grievances, or hiring or firing an employee. Plaintiff relies upon Fraternal Order in support of its position that because the Deputy Town Clerk assumes the powers, duties, and responsibilities of the Town Clerk, she should be considered a supervisory employee. That reliance is misplaced. In that the case, the employees were police captains, who "must handle serious infractions of departmental policies and are responsible for the supervision and control of all officers and for their efficiency and effectiveness as members of the department. Id. at 1108. The Deputy Town Clerk does not have such significant responsibilities and is not responsible for the efficiency of the other clerks. Further, "Congress intended to exclude `straw bosses,' `lead men,' and other low-level employees having modest supervisory authority from supervisor status." Telemundo de Puerto Rico, Inc. v.NLRB, 113 F.3d 270, 273 (1st Cir. 1997). Therefore, the Deputy Town Clerk's duties of training the other clerks and assigning specific duties do not render her a supervisor. Accordingly, the Board was not clearly erroneous in concluding that the position of Deputy Town Clerk is not supervisory.
 CONCLUSION
For all of the foregoing reasons, this Court finds that the decision of the Board to certify Council 94 as the bargaining unit for eight Town employees is supported by reliable, probative, and substantial evidence contained in the record and is not in excess of the Board's statutory authority, nor is it violative of the provisions of any statute or ordinance. Substantial rights of the appellant have not been prejudiced. Accordingly, the Board's decision is affirmed.
[1] The Clerk to the Tax Collector, Clerk to the Treasurer, and Clerk to the Building and Zoning Official do not receive any benefits and are not entitled to any because they work fewer than 20 hours a week. The Clerk to the Police Chief does not receive any health benefits because she uses her husband's, but she is nevertheless entitled to all the benefits as a full-time employee, including vacation and sick time. The Deputy Town Clerk, Clerk I, and the Tax Assessor's Clerk receive full benefits. Although the Clerk to the Tax Assessor works part-time hours, she was considered full-time when she was hired. Clerk II receives half benefits for working that 20 hours but fewer than 30 hours a week.