**Supreme Court**

No. 2011-280-Appeal.
(PC 05-3715)

Drago Custom Interiors, LLC          :

v.          :

Carlisle Building Systems, Inc., et al.          :

NOTICE:   This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island,
250 Benefit Street, Providence, Rhode Island 02903, at Telephone
222-3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

that provided labor and materials for the project. On March 9, 2004, Drago stopped work on the project, claiming that Carlisle failed to make payments as required under their contract.

In November 2005, Drago filed a civil action in Superior Court against Carlisle and IFIC in which Drago alleged breach of contract by Carlisle and sought payment under the bond for labor and materials provided to the project. Carlisle, in turn, filed a counterclaim, averring that Drago breached the contract when it stopped work on the project. The case proceeded to arbitration in accordance with the terms of the contract.

After the completion of the arbitration hearings, the arbitrator issued a written decision. The arbitrator found that Carlisle breached the contract by failing to make the proper payments to Drago. The arbitrator further found that Drago was justified in discontinuing its work on the project. As a result, the arbitrator awarded Drago $152,141 — representing $110,744 in damages plus interest of $41,397. Significantly, for purposes of this appeal, the arbitrator declared that "[t]his Award is in full settlement of all claims and counterclaims submitted to this arbitration."

On March 16, 2007, Drago filed a motion in the Superior Court to confirm the arbitration award. On April 30, 2007, an order entered confirming the award; an amended order also entered on May 30, 2007, reflecting the accurate spelling of Drago's counsel's name. On June 7, 2007, Drago filed a motion for entry of final judgment. On September 21, 2007, IFIC

- 2 -

supplying labor or material to the project and that Drago performed work on the project for which it had not been paid. Accordingly, on July 20, 2005, Drago filed suit against Carlisle and IFIC, seeking to recover payment for the work that it had performed.

In its answer, IFIC admitted that it was the surety on the bond. However, because the project fell under the purview of the Public Works Arbitration Act (PWAA or act), G.L. 1956 chapter 16 of title 37, and the contract between Carlisle and the fire district contained an arbitration provision, IFIC and Carlisle moved to stay the Superior Court proceedings pending arbitration of Drago's claims. See §§ 37-16-4 and 37-16-5. Notwithstanding Drago's objection, the case began a long sojourn through arbitration.

After two days of hearings, the arbitrator issued his first award on March 26, 2008, finding Carlisle liable to Drago for $43,543.02, plus interest. However, because there was no evidence introduced that IFIC issued any bonds relative to the project or was responsible for any damages claimed by Drago, the arbitrator determined that IFIC was not liable to Drago. Because Drago was unaware that IFIC was contesting its responsibility for Carlisle's liability to Drago for payment—IFIC having admitted in its answer that it was the surety—it requested that the arbitrator reopen the proceedings so that the bond could be received into evidence.

Instead, the arbitrator issued two amended awards. The arbitrator first amended his findings of fact by repeating his earlier finding that no evidence had been presented that IFIC had issued any bonds relative to the project, but adding that "[t]he issue of IFIC's liability was not asserted or denied during the arbitration hearings." Nonetheless, the arbitrator concluded that IFIC was not liable to Drago but that the arbitration award was "without prejudice to any rights of Drago as asserted in any pending litigation involving Drago and IFIC." In his second amended award, the arbitrator deleted the finding that the issue of IFIC's liability was neither

asserted nor denied during the arbitration hearings, but once again declared that his finding that IFIC was not liable to Drago was "without prejudice to any rights of Drago as asserted in any pending litigation involving Drago and IFIC."

Drago then returned to Superior Court and moved to confirm the second amended award concerning Carlisle's liability and to modify it as to IFIC so that IFIC would be liable if Carlisle did not pay.[1]  IFIC objected to the proposed modification, contending that none of the statutory grounds for modification of an arbitration award applied in this case.  IFIC also moved to confirm the original award, asserting that the arbitrator had no authority to issue amended awards.

A hearing eventually was held on the parties' competing motions on February 11, 2011. The trial justice determined that, because IFIC failed to file a pre-arbitration statement and, in its answer to Drago's complaint, had admitted that it was on the bond, the issue of whether IFIC ever had disputed liability under the bond was "unclear."  The trial justice found that the arbitration hearings focused entirely on Carlisle's liability to Drago and that there was nothing to suggest that IFIC disputed its liability under the bond during the arbitration proceedings.  The trial justice also pointed to two features of the arbitration awards that caused further uncertainty: (1) in his first amended award, the arbitrator had stated that the issue of IFIC's liability was neither asserted nor denied during the proceedings, only to delete that finding in his second amended award; and (2) despite changing that finding in the second amended award, the arbitrator's order declared that the award was "without prejudice to any rights of Drago as asserted in any pending litigation involving Drago and IFIC."  Confronted with the uncertainty of whether IFIC ever had disputed that it was on the bond, the trial justice, relying on our

---

[1] Apparently, Carlisle was unable to satisfy the award.

decision in <u>Pier House Inn, Inc. v. 421 Corp.</u>, 812 A.2d 799 (R.I. 2002), concluded that the Superior Court possessed the inherent authority to remand the case back to the arbitrator for clarification. In accordance with this inherent authority, the trial justice remanded the matter back to the arbitrator yet again for determination of whether the issue of IFIC's liability under the bond was raised in the arbitration and for clarification of the phrase "without prejudice to any rights of Drago as asserted in any pending litigation involving Drago and IFIC."

Upon remand, the arbitrator issued a new award in which he found that, although there was no evidence presented at the initial arbitration hearings that IFIC issued a bond for the project, the issue of IFIC's liability was not raised in the initial proceedings and IFIC did not dispute either the existence of the bond or that it covered Drago's claims.[2] The arbitrator concluded that both Carlisle and IFIC were liable to Drago for $43,543.02, plus interest, and the post-remand award reflected this conclusion.

Drago then moved to confirm the arbitrator's latest award. IFIC objected and moved to vacate that award and to confirm the original award. The trial justice expressed her concerns that IFIC contributed to this case's tortured travel, having admitted that it was the surety in its answer—thereby inducing Drago to refrain from introducing the bond at the arbitration proceedings—and then attempting to capitalize on this omission after the proceedings were closed. The trial justice accordingly granted Drago's motion to confirm the post-remand arbitration award. Additionally, the trial justice noted that, even if she was without authority to order the remand, she would have granted Drago's motion to modify the second amended award because IFIC never had disputed the existence of the bond or its liability thereunder. Before this Court, IFIC contends that the trial justice was without authority to remand this case back to

---

[2] The arbitrator did find, however, that IFIC denied that it was liable to Drago based on Carlisle's defenses to Drago's claims.

arbitration or to modify the second amended award as requested by Drago. Nine years after commencement of the project, this dispute is before us.

It is well settled that, in the typical case, the judiciary's role in the arbitration process is limited. Metropolitan Property & Casualty Insurance Co. v. Barry, 892 A.2d 915, 918 (R.I. 2006) (citing Aponik v. Lauricella, 844 A.2d 698, 703 (R.I. 2004)); State v. Rhode Island Employment Security Alliance, Local 401, SEIU, AFL-CIO, 840 A.2d 1093, 1096 (R.I. 2003). When, as here, an arbitration provision is contained in a "contract for the construction, alteration, repair, painting, or demolition of any public building * * * one party to which is the state, a city, a town, or an authority, a board, a public corporation, or any similar body created by statute or ordinance * * *," § 37-16-2(b)(1), the PWAA defines the contours of the judiciary's role. Specifically, the act directs that upon timely motion for an order confirming an arbitration award, "the court must grant the order unless the award is vacated, modified, or corrected, as prescribed in §§ 37-16-18 and 37-16-19 or unless the award is unenforceable under the provisions of § 37-16-13." Section 37-16-17.

Before this Court, IFIC contends that the PWAA delimits the universe of options available to a trial justice; the arbitration award can be affirmed, vacated, modified or corrected, but nothing more. The trial justice disagreed, reading our opinion in Pier House Inn as vesting her with the inherent authority to remand an arbitration case for clarification of the record. We disagree with the trial justice's reading of Pier House Inn.

In Pier House Inn, an arbitrator awarded approximately $4,000 in "compensatory damages" and $150,000 in what the arbitrator termed "punitive damages" on a commercial lessee's counterclaim for breach of contract. Pier House Inn, 812 A.2d at 801. The Superior Court vacated the punitive damages award and remanded the matter back to arbitration "to

determine whether that [portion of the award awarding punitive damages] was in whole or in part intended to be compensatory." Id. at 804. On appeal, this Court affirmed the trial justice's decision to vacate the punitive damages award, id. at 803, and then tackled the thorny issue of the Superior Court's authority to remand. See id. at 804-07.

Despite holding that the trial justice erred in relying on G.L. 1956 § 10-3-13 as authority to remand the case back to the arbitrator, we upheld the remand on other grounds. Pier House Inn, 812 A.2d at 805. This Court explained that the "blatant discrepancy" in the award—awarding punitive damages to the lessee while, at the same time, finding that the lessee breached the lease, compounded by an award of attorneys' fees to the lessor—"clearly exemplifies the type of award that § 10-3-14 authorizes a judge to modify or correct, in the interest of effectuating the intent of the award and promoting justice between the parties." Pier House Inn, 812 A.2d at 805. We concluded that the award of punitive damages was an "evident material mistake" under § 10-3-14(a)(1). Pier House Inn, 812 A.2d at 805. This Court then determined that the remand was proper:

> "Although § 10-3-14 requires the reviewing court to modify the award as necessary and does not expressly limit the hearing justice's scope of review, under the circumstances of this case, the remand to the arbitrator was appropriate, given the insufficient evidence before the * * * hearing justice regarding the rationale for the punitive damages award." Pier House Inn, 812 A.2d at 806.

Elaborating on the paucity of evidence, we noted that there was neither a transcript of the arbitration proceeding, nor an explication of the arbitrator's reasoning. Id. This Court thus declared that "[r]ather than rely on defendant's representations to modify the punitive damages award, the court properly sought a clarification from the arbitrator." Id.

The precise holding of Pier House Inn, 812 A.2d at 805-06, although perhaps lacking pristine clarity, was that § 10-3-14 vested the trial justice with the authority to modify or correct

the award, but that the record before the trial justice was insufficient for him to exercise that authority. The uncertainty of whether the arbitrator intended the "punitive damages" award to be compensatory or punitive necessitated a remand to the arbitrator. Pier House Inn, 812 A.2d at 805-06. Our holding in Pier House Inn does not stand for the broader proposition that the Superior Court possesses the inherent authority, independent of an appropriate statutory basis, to remand an arbitration case back to the arbitrator to clarify the record.

In Pier House Inn, we cited our decision in Lemoine v. Department of Mental Health, Retardation and Hospitals, 113 R.I. 285, 290, 320 A.2d 611, 614 (1974), wherein we held that a remand for clarification for the purpose of taking further evidence under the Administrative Procedures Act, G.L. 1956 chapter 35 of title 42 (APA), "was part of the reviewing court's 'inherent power * * * to correct deficiencies in the record and thus afford the litigants a meaningful review.'" Pier House Inn, 812 A.2d at 806 (quoting Lemoine, 113 R.I. at 290, 320 A.2d at 614). However, Lemoine, in contrast to Pier House Inn and this case, involved a remand of an agency proceeding in accordance with § 42-35-15(g) of the APA and not an arbitration case. See Lemoine, 113 R.I. at 286-87, 290, 320 A.2d at 612-14 (affirming trial justice's remand of a personnel appeal board decision). Additionally, in Pier House Inn, we were careful to ground the trial justice's authority to remand within the provisions of § 10-3-14, noting that the decision "comports with the statutory mandate that the reviewing justice effectuate the intent of the award and 'promote justice between the parties.' * * * But because of the minimal record, a remand was necessary to ascertain the arbitrator's intent." Pier House Inn, 812 A.2d at 806 (quoting § 10-3-14(b)).

In the case before us, although we disagree with the trial justice's reading of Pier House Inn, we nonetheless affirm the decision on other grounds. See Pier House Inn, 812 A.2d at 805.

- 7 -

After carefully reviewing the record, we are convinced that the trial justice had clear grounds to vacate the second amended award. Once an award is vacated, the PWAA vests the Superior Court with discretion to order a rehearing before the original arbitrator(s) or before a new arbitrator or arbitrators. Section 37-16-19.[3] We explain briefly.

Section 37-16-18 sets forth three instances when the court must, upon motion by any party, vacate the award:

> "(1) When the award was procured by fraud.
>
> "(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> "(3) If there was no valid contract, and the objection has been raised under the conditions set forth in § 37-16-13."

In this case, a decision vacating the second amended award clearly was warranted. The trial justice properly determined that the arbitrator's findings with respect to the existence of the bond were indefinite and inconsistent. In his first award, the arbitrator found "that there was no evidence presented that IFIC issued any bonds relative to the [p]roject." Soon after, the arbitrator issued his first amended award, which added that "[t]he issue of IFIC's liability was not asserted or denied during the arbitration hearings." Just days later, the arbitrator deleted this additional finding in his second amended award.

---

[3] General Laws 1956 § 37-16-19 provides:

> "Where an award is vacated, the court in its discretion may direct a rehearing either before the same arbitrator or arbitrators or before a new arbitrator or arbitrators to be chosen in the manner provided in the contract for the selection of the original arbitrator or arbitrators or as provided for in § 37-16-7 and any provision limiting the time in which the arbitrator or arbitrators may make a decision shall be deemed applicable to the new arbitration and shall commence from the date of the court's order."

- 8 -

Compounding this inconsistency was the arbitrator's treatment of IFIC's liability to Drago. In the original award, the arbitrator found, without qualification, that IFIC was "not liable to Drago for any claims or damages relative to the [p]roject." This finding stands in stark contrast to the first and second amended awards, which provided that IFIC was not liable to Drago, but added that "[t]his Order is without prejudice to any rights of Drago as asserted in any pending litigation involving Drago and IFIC." This language defeats the requirement that a "mutual, final, and definite award upon the subject matter" be made. Section 37-16-18(2).

The grave uncertainties infecting the second amended award, especially with respect to the "without prejudice" language, compel our conclusion that the arbitrator so imperfectly executed his powers that a final and definite award with respect to IFIC's liability was not made. See § 37-16-18(2) (providing that the court must vacate an arbitration award "[w]here the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made." (Emphasis added.)). Additionally, § 37-16-27(a)[4] commands that, in an arbitration involving a surety, "[t]he

---

[4] Section 37-16-27 provides as follows:

    "(a) If a contractor principal on a bond furnished to guarantee performance or payment on a construction contract and the claimant are parties to a written contract with a provision to submit to arbitration any controversy thereafter arising under the contract, or subject to arbitration as provided in § 37-16-2(b), the arbitration provisions shall apply to the surety for all disputes involving questions of the claimant's right of recovery against the surety. Either the claimant, the contractor principal, or surety may demand arbitration in accordance with the written contract or as provided in § 37-16-2(b) if applicable in one arbitration proceeding, provided that the provisions of § 37-16-3 shall be applicable to any demand for arbitration. The arbitration award shall decide all controversies subject to arbitration between the claimant, on the one hand, and the contractor principal and surety on the other hand, including all questions involving liability of the contractor principal and surety on the bond, but a claimant must file suit for recovery against the surety within the time limits set

arbitration award shall decide all controversies subject to arbitration between the claimant, on the one hand, and the contractor principal and surety on the other hand, <u>including</u> <u>all</u> <u>questions</u> <u>involving</u> <u>liability</u> <u>of</u> <u>the</u> contractor principal and <u>surety</u> <u>on</u> <u>the</u> <u>bond</u> * * *." (Emphases added.) The arbitrator's decision in this case falls far short of the statutory mandate; an award entered "without prejudice to any rights of [the claimant] as asserted in any pending litigation involving [the claimant] and [the surety]" cannot, under any interpretation of the language, be considered "final" or "definite."[5]

For these reasons, we are of the opinion that the second amended award should have been vacated under § 37-16-18(2) and that the trial justice was authorized, under § 37-16-19, to remand the case to the same arbitrator for a rehearing. Because the remand in this case accomplished the same result that could have been accomplished under §§ 37-16-18 and

---

forth in §§ 37-12-2 and 37-12-5. The arbitration shall be in accordance with this chapter and the court shall enter judgment thereon as provided therein.

"(b) The arbitrator or arbitrators, if more than one, shall make findings of fact as to the compliance with the requirements for recovery against the surety, and those findings of fact shall be a part of the award binding on all parties to the arbitration."

[5] We pause briefly to stress the unenviable position in which the Superior Court justice found herself. IFIC strenuously argued that Drago's failure to introduce the bond into evidence at the arbitration proceedings compelled the arbitrator's conclusion that IFIC was not liable to Drago—a position IFIC maintains on appeal. The trial justice found this argument to be unpersuasive because it overlooked the undeniable fact that IFIC had admitted the existence of the bond in its answer to Drago's complaint and insisted that the matter proceed to arbitration, thereby removing the issue from contention. Faced with a mountain of uncertainty, the options available to the trial justice were few, and she concluded that a remand was the proper means of addressing this problem. Although we reject the trial justice's decision with respect to a court's inherent authority to remand an arbitration award, we similarly are hard pressed to fault Drago for failing to introduce the bond—and to permit IFIC to capitalize on this omission—when IFIC conceded that it was on the bond.

- 10 -

37-16-19, we affirm the judgment below, but do so on grounds other than those relied upon by the trial justice.[6]

## Conclusion

For the reasons articulated above, we affirm the judgment below.  The papers in this case may be remanded to the Superior Court.

---

[6] Given our disposition of this appeal, we need not address the trial justice's alternative ground for her decision: that the award could be modified under § 37-16-20.  We accordingly express no opinion on whether modification of the second amended award would have been proper.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** Drago Custom Interiors, LLC v. Carlisle Building Systems, Inc., et al.

**CASE NO:** No. 2011-280-Appeal.
(PC 05-3715)

**COURT:** Supreme Court

**DATE OPINION FILED:** December 19, 2012

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:** Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Judith C. Savage

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Joseph J. Reale, Jr., Esq.

For Defendant:  Peter L. Kennedy, Esq.